H. Wilbur, *Publisher.*]......$1.00 per annum......[O. L. Barbour, *Reporter.*

Vol. V.]          SARATOGA SPRINGS, AUG. 5, 1845.          [No. 4.

## Court of Chancery.

### DECISIONS OF THE CHANCELLOR,
JULY 2—AUG. 5—1845.

JULY 2.

*John P. Nesmeth et al.* v. *Oliver Halsted.*    O. Bushnell, for appellant; J. Rhoades, for respondent.   This case came before the chancellor upon an appeal from an order of the vice-chancellor of the first circuit, appointing a receiver upon a creditor's bill.   The complainant's solicitor neglected to serve a copy of the 191st rule upon the defendant at the time of the service of the subpœna.   The defendant having appeared by a solicitor, a copy of the rule was subsequently served on such solicitor, and within seventy days thereafter the complainants gave notice of an application for the appointment of a receiver.   Upon the hearing of that application the counsel for the defendant insisted upon the irregularity in neglecting to serve a copy of the rule with the subpœna, as an answer to the complainant's motion.   He also contended that an order for the appointment of a receiver could not be made until the expiration of the twenty days allowed by the rule to give a written consent to take the bill as confessed, and for the appointment of a receiver.

The Chancellor.   It was undoubtedly irregular to serve the subpœna upon the defendant, without at the same time serving a copy of the 191st rule of the court ; and if the defendant had applied to the court the first opportunity after the time allowed for his appearance to set aside the service of the subpœna and all subsequent proceedings for irregularity, his application should have been granted with costs.   The

Practice in creditors suits

4

Copy of 191st rule must be served with subpœna.

object of that part of the rule which requires a copy thereof to be served with the subpœna, was to apprise the defendant of his rights and duties, and also to save him the useless expense of employing a solicitor where he is willing to make a voluntary disclosure and surrender of his property upon a creditor's bill and without further litigation. Serving a copy of the rule after the defendant has been subjected to the expense of employing a solicitor, will not therefore obviate the irregularity and prevent the granting of an order to set aside the irregular proceedings. The defendant cannot, however, avail himself of such an irregularity as an answer to an ap-

Serving after notice of appearance not sufficient.

Irregularity, how to be objected to.

plication for the appointment of a receiver; but he must resort to a cross motion on his part, founded upon an affidavit of the irregularity, and due notice of such motion to the complainant's solicitor; and the application should be made the first opportunity after the defendant's appearance has been entered.

The counsel for the appellant is also under a mistake in supposing that the complainants were bound to wait twenty days after the appearance of the defendant was entered before they were authorised to give notice of the application for a receiver. The defendant has twenty days after the entry of his appearance to give the written consent under the 191st rule; and if he gives that consent within the twenty days, he cannot be compelled to answer the bill, although the complainant, within the twenty days, has applied and obtained the usual order for the appointment of a receiver. The only difference to the complainant, where he applies within the twenty days, will be, that if the consent is given after he has obtained the usual order in such cases, he will either be obliged to abandon that order, and procure a new one founded upon such consent, or lose the benefit of a discovery, except so far as the defendant is bound to answer on oath before the master as to the property which he then possesses, and which he is directed to deliver over to the receiver. The order to appoint a receiver was therefore properly granted in this case. But as the order directs the defendant to make a much more extensive discovery than the complainants were entitled to

Receiver may be applied for within 20 days, if defendant has entered 1 is appearance.

w here the defendants had not given a written consent to allow the bill to be taken as confessed, the order appealed from must be reversed or modified, so as to make it conform to the usual order for the appointment of a receiver upon a creditor's bill where the defendant objects to answer in the ordinary form, instead of consenting to allow the bill to be taken as confessed, and to make a discovery before the master under the provisions of the 191st rule of the court. Order accordingly.

AUG. 5.

*Austin W. Otis* v. *Samuel Forman.* O. L. BARBOUR, for complainant; W. L. F. WARREN, for defendant. This was an application by the complainant for a retaxation of the defendant's costs, upon a decree for the dismissal of the complainant's bill. The principal items objected to were the costs upon a motion made by the defendant to dissolve an injunction which had been granted in the cause ; which motion was granted, and nothing was said in the order in relation to the costs of the application.

THE CHANCELLOR. The necessary costs of the defendant upon his successful motion to dissolve the injunction, were properly taxable as costs in the cause, although nothing was said in reference to costs upon the decision of that application. The rule as to the taxation of costs of interlocutory proceedings as costs in the cause, is stated by the court in the case of *Stafford* v. *Bryan*, (2 *Paige's Rep.* 52.) It is not usual to give costs to the defendant upon the dissolution of an injunction upon bill and answer, where the bill upon its face was sufficient to entitle the complainant to the injunction; for although the answer fully denies all the equity of the bill, it may, and frequently does, appear from the subsequent proofs that the charges in the bill were true, and that the answer which denied all the equity of the bill was false. But where the defendant succeeds in his defence, he is entitled to his costs of a successful application to dissolve the injunction, to be taxed as costs in the cause, where he obtains a general decree for costs. Nor does the provision of the 199th rule of this court apply to such a case, as that rule only provides for the amount of costs where the court directs the motion or pe-

*Costs—what items are taxable*

*Costs of motion to dissolve injunction.*